IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.                                                                          No. 2:23-po-00056-MIS

KEVIN DAVID PILATASIG-
GONZALON,

    Defendant-Appellant.

**MEMORANDUM OPINION AND ORDER**
**<u>AFFIRMING DECISION OF UNITED STATES MAGISTRATE JUDGE</u>**

THIS MATTER is before the Court on Defendant Kevin David Pilatasig-Gonzalon's appeal from the judgment and sentence entered by United States Magistrate Judge Gregory J. Fouratt on March 29, 2023. ECF No. 7. After receiving an extension of time by the Magistrate Judge, Mr. Pilatasig filed a notice of appeal on April 18, 2023, corrected notice of appeal on April 19, 2023, and amended corrected notice of appeal on April 20, 2023. ECF Nos. 9–12. Pursuant to D.N.M. LR-Crim. 58.2, and by order of the Court, Mr. Pilatasig filed his brief on May 4, 2023, and the United States filed its response on May 18, 2023. ECF Nos. 15, 16. Defendant did not file a reply by the deadline. *See* D.N.M. LR-Crim. 58.2(c).

This Court has jurisdiction over the appeal. *See* 18 U.S.C. § 3402. Likewise, this Court has authority to review the final sentence pursuant to 18 U.S.C. § 3742(h).[1] Having considered the record, the parties' briefing, and applicable law, the Court finds that the sentence imposed by the Magistrate Judge is reasonable under 18 U.S.C. § 3742(a)(4) and will therefore affirm.

---

[1] Because this case involves a Class B misdemeanor conviction, the federal sentencing guidelines do not apply. *See* U.S. Sent'g Guidelines Manual § 1B1.9 (U.S. Sent'g Comm'n 2021).

1

## BACKGROUND

The Criminal Complaint alleged the following facts:

> On March 15, 2023, a United States Border Patrol Agent encountered Defendant in Doña Ana County, New Mexico. When questioned as to his citizenship the Defendant admitted to being a citizen of Ecuador without authorization to enter or remain in the United States. The Defendant knowingly entered the United States illegally on March 15, 2023, by crossing the U.S./Mexico International Boundary afoot, approximately six mile(s) east of the Santa Teresa, New Mexico Port of Entry. This area is not a Port of Entry as designated by the Appropriate Authority of the United States. Thus, the Defendant is present in the United States without admission by an Immigration Officer.

ECF No. 1 at 1. On March 23, 2023, in response to the allegations made in the Criminal Complaint, Mr. Pilatasig pleaded guilty to improper entry without inspection, a misdemeanor, in violation of 8 U.S.C. § 1325(a)(1). *See* ECF Nos. 1, 5.

The Magistrate Judge held a sentencing hearing on March 23, 2023. *See* ECF No. 16-1. At the sentencing hearing, the United States requested a sentence of six months, the statutory maximum,[2] due to a murder conviction in Ecuador, an active arrest warrant relating to that conviction, and an attempt to escape the murder conviction by fleeing to the United States. ECF No. 16-1 at 2. In response, Mr. Pilatasig's attorney admitted these facts but stated that Mr. Pilatasig should not have been convicted of murder but instead fled to the United States in order to "fight that conviction," due to flaws with the criminal justice system in Ecuador.[3] The Magistrate Judge

---

[2] *See* 8 U.S.C. § 1325 (maximum sentence of six months for first offense).

[3] At the sentencing hearing, Mr. Pilatasig's attorney stated that he had spoken with his client and that his client had stated "that he and 10 other individuals were drinking one night; and the next thing he knew, about a week and a half later, he was informed that one of the guys he was drinking with got hit over the head with a liquor bottle and passed [a]way and that he was the one that they were blaming." ECF No. 16-1 at 3. According to Mr. Pilatasig's attorney, Mr. Pilatasig also indicated "that the police and the system in Ecuador is corrupt and that he didn't get a fair trial and that he wants to fight that charge and try to get it overturned here in the United States, if he's able to stay in the United States at some point in the future." *Id.* Mr. Pilatasig was given the opportunity to address the Court directly, although most of his words are shown as inaudible in the record. *Id.* at 4–5.


also considered a United States Border Patrol report, which noted that Mr. Pilatasig had active "warrants from Ecuador." ECF No. 16-1 at 2.

After acknowledging the potential injustice of an improper murder conviction in Ecuador, the Magistrate Judge stated that "right now, the information that I have is that [Mr. Pilatasig was] convicted of murder in another country" and that he "[was] coming to the United States, among other reasons, to get away from the consequences of that conviction," as well as to fight the conviction from "here in the United States." ECF No. 16-1 at 5. The Magistrate Judge stated his intention to sentence Mr. Pilatasig to the maximum penalty of six months in custody because he "represent[ed] a different kind of threat to the United States" than other criminal defendants, due to the prior murder conviction and attempt to flee. *See* ECF No. 16-1 at 6.

## ISSUES ON APPEAL

The issues raised by Mr. Pilatasig are as follows:

1. Whether the Magistrate Judge's finding of fact that Mr. Pilatasig has an active warrant in his home country of Ecuador for murder is hearsay and has not been corroborated or authenticated, and therefore the Magistrate Judge should not have considered this information for sentencing purposes. ECF No. 15 at 3.

2. Whether the sentence is excessive because Mr. Pilatasig does not have criminal history in the United States or any immigration history. *Id.*

## STANDARD OF REVIEW

"A defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry." Fed. R. Crim. P. 58(g)(2)(B). "The defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D).

Under 18 U.S.C. § 3742(a)(4), "[a] defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence . . . was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable."

Courts "review sentences for reasonableness under a deferential abuse of discretion standard." *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008). "A sentence is substantively unreasonable if the length of the sentence is unreasonable given the totality of the circumstances in light of the 18 U.S.C. § 3553(a) [sentencing] factors." *Id*. "A sentence is procedurally unreasonable if the [sentencing] court incorrectly . . . fails to consider the [statutory sentencing] factors, relies on clearly erroneous facts, or inadequately explains the sentence." *Id*.

## ANALYSIS

**1. It was not improper for the Magistrate Judge to rely on the information provided by the United States and admitted by Defendant's attorney at the sentencing hearing.**

The Court is not persuaded by Mr. Pilatasig's argument that the Magistrate Judge committed procedural error by considering Mr. Pilatasig's Ecuador murder conviction, active warrant, and flight to the United States. Even assuming, arguendo, that the Magistrate Judge relied on hearsay information during sentencing (which the Court need not address here), the Court does not find that the Magistrate Judge committed procedural error or otherwise acted unreasonably in sentencing Mr. Pilatasig. The Court agrees with the United States that the rule against hearsay contained in Federal Rule of Evidence 1101 does not prohibit the Court from considering hearsay in sentencing, as long as the information is reliable. *See United States v. Leib*, 57 F.4th 1122, 1128 (10th Cir. 2023) (requiring only some "minimal indicia of reliability" for hearsay statements to be considered in sentencing); *see also* U.S. Sent'g Guidelines Manual § 6A1.3, cmt. (U.S. Sent'g Comm'n 2021) ("In determining the relevant facts, sentencing judges are not restricted to

4

information that would be admissible at trial . . . . Any information may be considered, so long as it has sufficient indicia of reliability to support its probable accuracy.") (citing 18 U.S.C. § 3661). The Court finds that Mr. Pilatasig's counsel's admission that there was an existing criminal conviction and warrant in Ecuador, combined with the United States Border Patrol report stating that there were active "warrants from Ecuador," provided sufficient reliability for the Magistrate Judge to consider this information in sentencing. *See* ECF No. 16-1 at 2; U.S. Sent'g Guidelines Manual § 6A1.3, cmt. ("Reliable hearsay evidence may be considered."). The Court finds that the same information also provided sufficient "authentication and corroboration" for the Magistrate Judge to consider the facts during sentencing, given that some or all of this information was contained in the United States Border Patrol report, as well admitted by Defendant's attorney at the sentencing hearing.

**2. The sentence imposed is not substantively unreasonable.**

Regarding Mr. Pilatasig's arguments that his sentence was substantively unreasonable, the Court finds these arguments unavailing. Under 18 U.S.C. § 3553(a), the Magistrate Judge was required to consider sentencing factors including the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for a sentence to reflect the "basic aims of sentencing, namely (a) 'just punishment' (retribution), (b) deterrence, (c) incapacitation, and (d) rehabilitation," . . . ; (3) the kinds of sentences available; (4) the Sentencing Commission Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need for restitution.

*United States v. Cookson*, 922 F.3d 1079, 1092 (10th Cir. 2019). The Court finds that the Magistrate Judge considered these sentencing factors. *See* ECF No. 16-1 at 2–6. As the United States argues, in addition to all of the other information noted by the Magistrate Judge on record at the sentencing hearing, the Magistrate Judge took into account Mr. Pilatasig's murder

conviction, active warrant, and flight to the United States in determining the sentence. *See* ECF No. 16-1 at 5–6. As already stated, the Magistrate Judge specifically found that Mr. Pilatasig "represent[ed] a different kind of threat to the United States" than other criminal defendants, due to the prior murder conviction and attempt to flee. ECF No. 16-1 at 6. "A sentencing decision is substantively unreasonable [only] if it exceeds the bounds of permissible choice, given the facts and the applicable law." *United States v. Chavez*, 723 F.3d 1226, 1233 (10th Cir. 2013) (quoting *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007)). The fact that Mr. Pilatasig has no criminal or immigration history in the United States does not make the sentence unreasonable, particularly in light of the fact that the Magistrate Judge was permitted, if not required, to consider the nature and circumstances of the offense and history and characteristics of Mr. Pilatasig, including the Ecuador conviction, warrant, and flight to the United States, in sentencing Mr. Pilatasig based on the totality of the circumstances under 18 U.S.C. § 3553(a).

## CONCLUSION

For the foregoing reasons, the decision of United States Magistrate Judge Gregory J. Fouratt dated March 29, 2023, ECF No. 7, is hereby **AFFIRMED**. Mr. Pilatasig shall serve the sentence imposed.

**IT IS SO ORDERED.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE